UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Ronnie Cox,

                    Plaintiff,

           -against-

AUDUBON FINANCIAL BUREAU, LLC., and
ADAM D. MARCH, individually

                  Defendant.
-------------------------------------------------------X

Civil Action No.:13-404

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

## NATURE OF ACTION

1. Plaintiff Ronnie Cox, ("Plaintiff") brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, seeking damages and declaratory relief for the unlawful collection practices of Defendants Audubon Financial Bureau, LLC. ("Audubon"), and Adam D. March ("March"), individually.

## VENUE AND JURISDICTION

2. This Court has jurisdiction pursuant to 15 U.S.C. §1692k *et seq.*, and 28 U.S.C. §1331.

3. If applicable, this Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (2).

        a. Venue and personal jurisdiction are proper in this District because Defendants do or transact business within this District.

## PARTIES

5.     Plaintiff is a natural person who at all relevant times herein, maintained his residence in State of Kentucky, County of Bell, at 601 ½ North 28th Street, Middlesboro, Kentucky 40965.

6.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

7.      Upon information and belief, Defendant Audubon is a limited liability company chartered under the laws of the State of Delaware and authorized to conduct business in the State of Kentucky, with its principal place of business located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

8.      Upon further information and belief, Audubon is engaged in the business of collecting debts incurred, and alleged to be incurred, for personal, family or household purposes.

9.      Upon information and belief and at all relevant times herein, Audubon is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

10.      Upon information and belief, Audubon regularly uses the mail and telephone in conducting business.

11.      Upon information and belief, Audubon was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

12.      Upon further information and belief, and at all relevant times herein, Audubon knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

13.      Upon information and belief, Defendant March, is an individual who is a member/manager and/or shareholder of Audubon.

14.      At all relevant times herein, March regularly used the mail and telephone in conducting business, the main purpose of which is to collect consumer debts allegedly owed to others.

15.      Upon information and belief, as an owner of Audubon, March regularly engaged, directly and indirectly, in the collection of Plaintiff's debt.

2

16.     Upon information and belief, as an owner of Audubon, March materially participated in Audubon's collection activities.

17.     Upon information and belief, as a member-manager and/or shareholder of Audubon, March oversaw Audubon's day-to-day operations.

18.     Upon further information and belief, as an owner of Audubon, March exercised control over the affairs of Audubon's debt collection business.

19.     Upon further information and belief, March created and/or approved the script used by Audubon's debt collector representatives and employees when leaving messages for consumers.

20.     As such, March is a debt collector, as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

21.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.     On or around July 30, 2012, Plaintiff allegedly incurred a debt ("Alleged Debt") to an original creditor, Seaside Cash, in the amount of $500 in the form of a Pay Day Loan.

23.     Upon information and belief, the Alleged Debt arose from a transaction in which money, property, insurance, or services that was the subject to the transaction was incurred primarily for personal, family, or household purposes.

24.     On or around August 14, 2012, Plaintiff made one payment to Seaside Cash in the amount of one hundred and fifty dollars ($150). (Attached hereto, and incorporated herein as, Exhibit A.)

25.     Beginning on or about January 10, 2013, Defendants commenced collection activities against Plaintiff to recover the Alleged Debt by placing a phone call to Plaintiff's cell phone.

26.     Defendants failed to provide Plaintiff with written notice of debt within the first five days after the initial communication.

27.     Defendants failed to provide Plaintiff with written notice of his 30-day rights to dispute the debt.

28.     On or around February 6, 2013, Defendants' employee, Brianna Jackson, called Plaintiff on his cell phone and Plaintiff's place of work.

29.     Defendant stated that it was calling from AFB, and failed to disclose the true name of Defendants' business.

30.     Defendants attempted to contact Plaintiff at his place of work numerous times on dates better known to Defendants.

31.     Defendants spoke to Plaintiff's co-workers: Curtis Smith, Melinda (Joy) Dukes, and Josh Webb.

32.     Defendants were informed by Plaintiff's co-workers that Plaintiff is a field manager and works out in the field, and that he can not be reached in-office.

33.     Despite being told not to call Plaintiff's workplace, and that Plaintiff can not be reached there, Defendants continued to call Plaintiff's workplace.

34.     Defendants sent Plaintiff multiple emails about making a payment regarding the Alleged Debt.

35.     Defendants wrote Plaintiff emails, stating that Plaintiff entered into an agreement to make a payment on the Alleged Debt. (Attached hereto, and incorporated herein as, Exhibit B.)

36.     Plaintiff at no time agreed to make any payments.

37.     On or around March, 2013, Plaintiff communicated to Defendants that he does not want to be contacted and that all correspondence should go to his attorneys at Fredrick Schulman & Associates.

38.     Plaintiff is still receiving automated emails about settling the Alleged Debt. (Attached hereto, and incorporated herein as, Exhibit C.)

39.     Defendants threatened Plaintiff and told him that there was a civil law suit pending, and that if he failed to call Defendants back and did not pay the Alleged Debt, a summons would be sent to his home or place of work.

40.     As of this present date, Defendants has not brought any legal action against Plaintiff.

41.     Upon information and belief, Defendants can neither sue Plaintiff, nor did they intend to sue Plaintiff.

42.     Defendants' threatening conduct and abusive behavior was extremely demeaning to Plaintiff, and an invasion of both Plaintiff's privacy and confidentiality rights.

43.     Defendants' calls to Plaintiff's workplace put Plaintiff's career in jeopardy and aggravated both Plaintiff and Plaintiff's employer.

### COUNT I
### Violation of 15 U.S.C. §1692d
### AUDUBON

44.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45.     Audubon violated 15 U.S.C. §1692d in that Audubon used conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff when it called Plaintiff on his cell phone and at work despite knowing that he was not available to take personal calls, as well as sending automated emails, despite he being notified to direct all communication to Plaintiff's attorneys.

5

46.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant Audubon Financial Bureau, LLC, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. §1692d**
**MARCH**

47.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48.     March violated 15 U.S.C. §1692d in that March used conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff when he called Plaintiff on his cell phone and at work despite knowing that he was not available to take personal calls, as well as  sending automated emails, despite being notified to direct all communication to Plaintiff's attorneys.

49.     As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant March, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. §1692e(5)**
**AUDUBON**

50.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51.   Audubon violated 15 U.S.C. §1692e(5) in that Audubon threatened to take legal action against Plaintiff when it had no legal right to do so and did not intend to do so.

52.   As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant Audubon Financial Bureau, LLC, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. §1692e (5)
### MARCH

53.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs

numbered "1" through "52" herein with the same force and effect as if the same were set forth at

length herein.

54.      March violated 15 U.S.C. §1692e(5) in that March threatened to take legal action against

Plaintiff when he had no legal right to do so and did not intend to do so.

55.      As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled

to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the

relevant provisions of the FDCPA.

   **WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant March, as follows:

   A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

   B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

   C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

   D.   For a declaration that the Defendant's practices violated the FDCPA; and,

   E.   For any such other and further relief, as well as further costs, expenses and disbursements of

        this action, as this Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. §1692e(10)
### AUDUBON

56.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs

numbered "1" through "55" herein with the same force and effect as if the same were set forth at

length herein.

57.      Audubon violated 15 U.S.C. §1692e(10) in that Audubon used false representation and

deceptive means in its attempt to collect the Alleged Debt from Plaintiff when Audubon failed to

disclose the full company name of it's business and stated that Plaintiff had a payment plan set up with them, when, in fact, he had not.

58.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Ronnie Cox demands judgment from the Defendant Audubon Financial Bureau, LLC, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. §1692e(10)
### MARCH

59.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60.     March violated 15 U.S.C. §1692e(10) in that March used false representation and deceptive means in its attempt to collect the Alleged Debt from Plaintiff when March failed to disclose the full company name of his business and stated that Plaintiff had a payment plan set up with them, when in fact he had not.

61.    As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

WHEREFORE, Plaintiff Ronnie Cox demands judgment from Defendant March, as follows:

A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2(A)):

C.    For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.    For a declaration that the Defendant's practices violated the FDCPA; and,

E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. §1692e(14)
### AUDUBON

62.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "61" herein with the same force and effect as if the same were set forth at length herein.

63.    Audubon violated 15 U.S.C. §1692e(14) in that Audubon used false representation and deceptive means in its attempt to collect the Alleged Debt from Plaintiff when Audubon identified itself as calling from AFB and failed to disclose the true name of its business.

64.    As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

WHEREFORE, Plaintiff Ronnie Cox demands judgment from Defendant Audubon, as follows:

F.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

G.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2(A)):

10

H.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

I.   For a declaration that the Defendant's practices violated the FDCPA; and,

J.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. §1692e(14)
### MARCH

65.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "64" herein with the same force and effect as if the same were set forth at length herein.

66.   March violated 15 U.S.C. §1692e(14) in that March used false representation and deceptive means in its attempt to collect the Alleged Debt from Plaintiff when Defendant identified himself as calling from AFB and failed to disclose the true name of his business.

67.   As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant March, as follows:

K.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

L.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2(A)):

M.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

N.   For a declaration that the Defendant's practices violated the FDCPA; and,

O.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. §1692f
### AUDUBON

68.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "67" herein with the same force and effect as if the same were set forth at length herein.

69.    Audubon violated 15 U.S.C. §1692f in that Audubon used unfair and unconscionable means in its attempts to collect the Alleged Debt from Plaintiff when it failed to provide Plaintiff with written notice of his 30-day rights to dispute the debt.

70.    As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

   **WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant Audubon Financial Bureau, LLC, as follows:

   A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

   B.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

   C.    For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

   D.    For a declaration that the Defendant's practices violated the FDCPA; and,

   E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. §1692f
### MARCH

71.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "70" herein with the same force and effect as if the same were set forth at length herein.

72.     March violated 15 U.S.C. §1692f in that March used unfair and unconscionable means in its attempts to collect the Alleged Debt from Plaintiff when he failed to provide Plaintiff with written notice of his 30-day rights to dispute the debt.

73.     As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

       **WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant March, as follows:

   A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

   B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

   C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

   D.   For a declaration that the Defendant's practices violated the FDCPA; and,

   E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. §1692g(a)
### AUDUBON

74.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "73" herein with the same force and effect as if the same were set forth at length herein.

75.     Audubon violated 15 U.S.C. §1692g(a) in that Audubon failed to send Plaintiff a written notice within the first five days after the initial contact.

76.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant Audubon Financial Bureau, LLC, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. §1692g(a)**
**MARCH**

77.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "76" herein with the same force and effect as if the same were set forth at length herein.

78.     March violated 15 U.S.C. §1692g(a) in that March failed to send Plaintiff a written notice within the first five days after the initial contact.

79.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant March as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. §1692g(a)(3)**
**AUDUBON**

80.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "79" herein with the same force and effect as if the same were set forth at length herein.

81.   Audubon violated 15 U.S.C. §1692g(a)(3) in that Audubon failed to send Plaintiff a written notice with Plaintiff's 30-day right to dispute the debt.

82.   As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

   **WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant Audubon Financial Bureau, LLC, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. §1692g(a)(3)
### MARCH

83.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "82" herein with the same force and effect as if the same were set forth at length herein.

84.     March violated 15 U.S.C. §1692g(a)(3) in that March failed to send the Plaintiff a written notice with Plaintiff's 30-day right to dispute the debt.

85.     As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

   **WHEREFORE**, Plaintiff Ronnie Cox demands judgment from Defendant March, as follows:

   A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

   B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

   C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

   D.   For a declaration that the Defendant's practices violated the FDCPA; and,

   E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

86.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

   **WHEREFORE**, Plaintiff Ronnie Cox demands judgment from the Defendant Audubon Financial Bureau, LLC, as follows:

   A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of

this action, as this Court may deem just and proper.

Dated:  New York, New York
        April 23, 2013

                              Respectfully submitted,


                         By:    s/ Jacob J. Scheiner, Esq.
                                Jacob J. Scheiner, Esq.
                                Fredrick Schulman & Associates
                                Attorneys at Law
                                Attorney for Plaintiff
                                30 East 29TH Street
                                New York, New York 10016
                                (212) 796-6053
                                jscheiner@fschulmanlaw.com

17

# EXHIBIT A

From: Support@seasidecash.com <Support@seasidecash.com>
Subject: Information Regarding Your Account with Seaside Cash
To: RONNIECOX41@BELLSOUTH.NET
Date: Tuesday, August 14, 2012, 11:14 PM

Dear RONNIE COX,

Thank you very much for your payment of 150.00.

We value your business, and if we can be of any further assistance, feel free to contact us by e-mail at Support@seasidecash.com or by calling us toll-free at 877-669-7293.

Sincerely,

Customer Service

877-669-7293
Support@seasidecash.com

If you would like to unsubscribe and stop receiving these emails click here.

# EXHIBIT B

From: AFB_scs@gcnotify.com <AFB_scs@gcnotify.com>
Subject: Payment Declined, Confirm 1.866.595.2541
To: ronniecox41@bellsouth.net
Date: Wednesday, March 20, 2013, 10:40 AM

Dear Account Holder,

You've recently agreed upon an arrangement for account number 15784632 for the amount of $5*.17. Your payment has declined and immediate action is required, contact our office at 1.866.595.2541

**Sincerely,**
**Accounts Payable**

1.866.595.2541
**afb@audubonfinancialbureau.com**


Note: Please Do Not Reply to this e-mail. It was sent from an automated address. You will not receive a response.

# EXHIBIT C

**From:** 6062699645@vtext.com
**Date:** April 12, 2013, 11:44:42 AM EDT
**To:** ronniecox41@gmail.com
**Subject: OFFER EXTENDED!!!! A,A Refer to Settlement code SI...**

OFFER EXTENDED!!!! A,A Refer to Settlement code SIF-13 Call-1.866.597.3059